UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER M. BERGNE,

    Petitioner,

v.

RONALD DAVIS,

    Respondent.

Case No. 19-cv-08315-JD

**ORDER OF DISMISSAL**

Petitioner, a California prisoner, proceeds with pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2017 parole denial by the Board of Parole Hearings ("BPH"). The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

In 1990 petitioner was sentenced to an indeterminate term of fifteen years to life in state prison with the possibility of parole. Docket No. 1 at 2. Parole has been denied on several occasions, the most recent in 2017. *Id*. at 21.

## DISCUSSION

### STANDARD OF REVIEW

This court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting

each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief in the original petition, petitioner alleged that: 1) the denial of parole violated his due process rights; and 2) the BPH abused its discretion is denying parole and delaying the next hearing for seven years. Docket No. 1 at 17, 21.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. *See Swarthout v. Cooke*, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. *Id*. at 220-21. Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Id*. at 221; *Miller v. Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Swarthout* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. *Swarthout* at 220. The Ninth Circuit has acknowledged that after *Swarthout*, substantive challenges to parole decisions are not cognizable in habeas. *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

The Court previously advised petitioner that his argument that the BPH violated state law and procedures in denying parole and delaying his next hearing only raised issues of state law. As set forth in *Swarthout*, the federal due process protections do not include adherence to California procedures. Challenges to the BPH's enactment of state laws and procedures must be presented in state court. Petitioner presented his claims in state court, but his challenges were all denied. He was told that this Court cannot overrule state court decisions or find that California courts incorrectly interpreted state law. The Court noted that petitioner did not allege or exhaust claims that he was denied an opportunity to be heard or not provided a statement of the reasons why parole was denied. The record indicated that he was present at the hearing and provided a statement why parole was denied. Docket No. 1 at 34-35, 57.

In his amended petition, petitioner argues that he was denied a right to be heard and that there was a biased decisionmaker. Docket No. 13 at 1-5. Even if there were a factual basis for these new claims, which is not at all evident, petitioner has not exhausted the claims in state court. Docket No. 1 at 17, 21. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). These claims are not exhausted and petitioner has not sought a stay; therefore, petitioner may not proceed.

## CONCLUSION

1. This case is **DISMISSED** without prejudice. If petitioner exhausts these claims and there is a factual basis for the claims, he may refile this case.

2. A Certificate of Appealability is **DENIED**. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: April 6, 2020

JAMES DONATO
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | NORTHERN DISTRICT OF CALIFORNIA | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER M. BERGNE,

    Plaintiff,

v.

RONALD DAVIS,

    Defendant.

Case No. 19-cv-08315-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 6, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Peter M. Bergne ID: #E-57901
San Quentin State Prison
West Block Center
Housing Unit 4-W-45
San Quentin, CA 94974

Dated: April 6, 2020

                                              Susan Y. Soong
                                              Clerk, United States District Court

                                              By: /s/ Lisa R. Clark
                                              LISA R. CLARK, Deputy Clerk to the
                                              Honorable JAMES DONATO